UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven L. Riggs,            Case No.   3:14-cv-2023

    Plaintiff

v.                                     MEMORANDUM OPINION
                                                     AND ORDER

Eric O'Brien, Judge, *et al.*,

    Defendants

### BACKGROUND AND HISTORY

P*ro se* Plaintiff Steven L. Riggs filed this action under 42 U.S.C. § 1983 against Sandusky Municipal Court Judge Eric O'Brien, Public Defender Harsh Tandon, Public Defender Jeffery Whitacre, and Assistant Prosecutor Mary Ann Barylski. In the Complaint, Plaintiff claims he was not given a preliminary hearing in a criminal action brought against him in the Sandusky Municipal Court. He seeks reversal of his conviction and monetary damages. Plaintiff filed a Motion to Amend Complaint (Doc. No. 5) on October 9, 2014. That Motion is granted.

Plaintiff was arrested on May 8, 2013. He was arraigned in the Sandusky Municipal Court on May 9, 2013, on charges of possession of heroin, trafficking in heroin, and obstructing official business. His bond was set at $ 75,000.00. He contends he returned to court on May 15, 2013, to enter a plea of "not guilty." He alleges that during this hearing, Judge O'Brien stated, "We have to

get this identity thing together." (Doc. No. 1 at 3). Plaintiff indicates he was not charged with identity theft at that time. His hearing was continued for ten days. During that time, Judge O'Brien issued a search warrant for Plaintiff's property in the Erie County Jail, including his driver's license, and two credit cards.

Plaintiff claims Public Defender Harsh Tandon asked him to waive his preliminary hearing. Plaintiff refused several times and the case was continued. Plaintiff alleges he spoke with Public Defender Jeffrey Whitacre about scheduling a preliminary hearing. Whitacre responded that Plaintiff had waived his hearing, but Plaintiff disputes that he made that decision.

Plaintiff appeared in Municipal Court on June 13, 2013. He alleges he was again asked by attorney Tandon to waive his preliminary hearing. He refused. Judge O'Brien then dismissed the charges against him without prejudice because the Erie County Prosecutor had obtained a felony indictment against Plaintiff on the same charges in the Erie County Common Pleas Court. *See State v. Riggs*, No. 2013 CR 315 (Erie Cty Comm. Pl. Ct. indict filed Aug. 7, 2013).[1] The two drug charges included forfeiture specifications. Plaintiff pled guilty to possession of heroin with the forfeiture specification in exchange for the state's agreement to dismiss the other charges. He was sentenced to three years in prison on October 31, 2014.

While his state case was proceeding through the Municipal and Common Pleas Courts, Plaintiff was prosecuted simultaneously in federal court on charges of identity theft and making false statements in a passport. *See United States v. Riggs*, No. 3:13 cr 292 (N.D. Ohio indictment filed June 12, 2013). He pled guilty to making false statements on a passport application on February 24, 2015, in exchange for dismissal of the identity theft charge. Plaintiff was sentenced to twenty-four months in prison. His state sentence was ordered to be served concurrent to his federal sentence.

---

1 Erie County Court of Common Pleas electronic dockets and filings can be viewed at:
http://clerkofcourts.eriecounty.oh.gov

In this action, Plaintiff asserts claims pertaining to his case in Municipal Court. First, he asserts he was denied the effective assistance of counsel. He contends Tandon did nothing to see that he obtained a preliminary hearing. He further contends Tandon and Whitacre were negligent in their representation of him in the Municipal Court proceedings because they did not demand a preliminary hearing or dismissal of the charges. Plaintiff also asserts Prosecutor Mary Ann Barylski committed prosecutorial misconduct and had an obligation to seek justice and to ensure he received a preliminary hearing within the time limits set by the state. Finally, he asserts Judge O'Brien violated his Sixth Amendment rights by continuing his case and not conducting a preliminary hearing. He asks that this Court order the state court to adhere to the time limitations for conducting a preliminary hearing and to dismiss with prejudice charges for which a timely preliminary hearing was not conducted. He also seeks monetary damages in the amount of $ 2,500,000.00 per Defendant.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the Complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Plaintiff cannot pursue his claims in a civil rights action. To the extent he seeks dismissal of the charges on which he was convicted, his sole remedy is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). He cannot obtain that relief through a civil rights action under 42 U.S.C. § 1983.

To the extent he is seeking damages for alleged violations of his civil rights in the course of his state criminal proceedings, his claims are also barred. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a Writ of Habeas Corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a civil rights action, I must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If this would be the result, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence

has already been invalidated. If I determine that the Plaintiff's action, even if successful, would not demonstrate the invalidity of any outstanding criminal judgment against him, the action should be allowed to proceed, in the absence of some other bar to the suit. *Id.*

In this case, if I were to grant judgment in favor of the Plaintiff, the validity of his state court conviction would be called into question. He asserts claims for ineffective assistance of counsel, prosecutorial misconduct and violation of his Sixth Amendment rights in connection with the denial of a preliminary hearing within the time period required by Ohio law. These claims directly challenge the legitimacy of his continued prosecution and his eventual conviction on the charges in question. Plaintiff therefore cannot raise these claims in the civil rights action unless his conviction has been reversed by a state appellate court or a federal habeas corpus petition. Plaintiff has not alleged that either of these events occurred. He cannot assert these claims in a § 1983 action.

Finally, even if his claims could be construed as not calling into question the validity of his conviction, he cannot assert them against these Defendants. Judge O'Brien and Assistant Prosecutor Barylski are absolutely immune from suit, and Public Defenders Harsh Tandon and Jeffery Whitacre are not subject to suit under 42 U.S.C. § 1983.

Judicial officers are absolutely immune from civil suits brought against them for actions they took while presiding over a case. *Mireles v. Waco*, 502 U.S. 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will not be

5

deprived of immunity even if the action he took was performed in error, done maliciously, or was in excess of his authority. Plaintiff's claims against Judge O'Brien are based on actions he took while presiding over Plaintiff's criminal proceedings in the Sandusky Municipal Court. While he claims Judge O'Brien issued orders contrary to Ohio law, his remedy is an appeal of those orders. He does not have recourse against the judge for damages under 42 U.S.C. § 1983. Judge O'Brien is entitled to absolute immunity from damages in this case.

Similarly, prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken in connection with the duties as a prosecutor, such as conduct in civil proceedings where a government attorney is operating in an enforcement role, *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000), or undertaking the defense of a civil suit, *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). In this instance, the challenged actions of Assistant Prosecutor Mary Ann Barylski were all performed in the course of the judicial phase of Plaintiff's prosecution. Barylski is also entitled to absolute immunity in this case.

6

Finally, Public Defenders Harsh Tanson and Jeffery Whitacre are not subject to suit under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government official or employee. A public defender or a court-appointed defense attorney, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321 (1981).

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleading to determine its legal viability, I conclude Plaintiff failed to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, an appeal of this decision cannot be taken in good faith. This case is closed.

So Ordered.

                                                    s/Jeffrey J. Helmick
                                                    United States District Judge